**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) AETNA INC., and<br>(2) AETNA LIFE INSURANCE<br>COMPANY, | ) ) ) ) | Civil Action No.   CIV-19-770-HE |
| Plaintiffs, | ) ) ) | Related case pending in the Western<br>District of Texas: 5:18-cv-0323-OLG |
| v. | ) ) | |
| (1) THE PEOPLE'S CHOICE HOSPITAL,<br>LLC,<br>(2) PCH MANAGEMENT NEWMAN, LLC,<br>(3) PCH LAB SERVICES, LLC;<br>(4) MISSION TOXICOLOGY, LLC,<br>(5) MISSION TOXICOLOGY II, LLC,<br>(6) MISSION TOXICOLOGY<br>MANAGEMENT COMPANY, LLC,<br>(7) SUN CLINICAL LABORATORY, LLC,<br>(8) SUN ANCILLARY MANAGEMENT,<br>LLC,<br>(9) INTEGRITY ANCILLARY<br>MANAGEMENT, LLC,<br>(10) SETH GUTERMAN, MD,<br>(11) DAVID WANGER,<br>(12) MICHAEL L. MURPHY, M.D.,<br>(13) JESSE SAUCEDO, JR.,<br>(14) ALTERNATE HEALTH LABS, INC.,<br>(15) LMK MANAGEMENT, LLC.<br>(16) ALTERNATE HEALTH CORP.,<br>(17) FORTIS DIAGNOSTIC, LLC,<br>(18) ESCALON HEALTH ASSOCIATES,<br>LLC,<br>(19) LYNN MURPHY,<br>(20) SAMANTHA MURPHY,<br>(21) JULIE PRICER,<br>(22) THOMAS PALMER, and<br>(23) JOHN AND JANE DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**NON-PARTY NEWMAN MEMORIAL HOSPITAL, INC.'S MOTION TO**
**QUASH SUBPOENA DUCES TECUM TO NEWMAN MEMORIAL**
**HOSPITAL, INC. AND INCORPORATED BRIEF IN SUPPORT**

Non-party, Newman Memorial Hospital, Inc. ("Newman"), pursuant to Federal Rule of Civil Procedure 45, hereby moves the Court for an Order quashing the Subpoena Duces Tecum (the "Subpoena") issued to Newman by Defendants, Mission Toxicology, LLC, Mission Toxicology II, LLC, Mission Toxicology Management Company, LLC, Sun Clinical Laboratory, LLC, Sun Ancillary Management, LLC, and Integrity Ancillary Management, LLC (collectively the "Lab Defendants").   In support Newman shows the Court the following:

## I.     INTRODUCTION

Newman is a critical access hospital located in rural Ellis County, Oklahoma.   The immediate community that Newman serves is Shattuck, Oklahoma, which has a population of 1,293 as of 2017.   In the underlying case, Aetna, Inc. and Aetna Life Insurance Company (collectively "Aetna") are Fortune 500 companies which have lodged a $21,000,000.00 Racketeer Influenced and Corrupt Organization Act complaint against the Lab Defendants, among others.

The Lab Defendants served a Subpoena for production of documents upon Newman on August 8, 2019.   A copy of the Subpoena is attached as Exhibit 1.   The Subpoena contains seven numbered requests for production.   Five of the seven requests in the Subpoena do not contain a time limitation, despite the requests seeking "all documents" or "all communication."   Even more, the majority of the requests seek documents from Newman that relate to Aetna, a party to the underlying case, and a source that is more or equally convenient, less burdensome, and less expensive.   In short, the Subpoena seeks documents and communications that are not relevant to the underlying dispute, would

1

thrust an undue burden upon Newman, and are available from a party to the underlying case. Consequently, Lab Defendants' Subpoena is facially overbroad and creates an undue burden for Newman by requiring it to undertake unnecessary expense. Newman requests that this Court quash the Lab Defendants' Subpoena.

## II.   ARGUMENTS AND AUTHORITIES

### A.   This Court has authority to quash the Subpoena requiring production in this District.

Rule 45 of the Federal Rules of Civil Procedure governs a party's right to seek the production of documents by non-parties. Rule 45(d)(3)(A) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Because this Court is the location where compliance under the Lab Defendants' Subpoena is required, this Court has authority to quash or modify the Subpoena. Further, since Newman has filed this Motion before the date of compliance under the Subpoena and within fourteen days of service of the Subpoena on Newman, August 8, 2019, Newman submits that this Motion is timely.

### B.   Legal Standard.

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Accordingly, considerations of both relevance and proportionality govern the Subpoena at issue.

Rule 26(b)(1) limits the scope of discovery to "any matter, not privileged, that is relevant to a claim or defense of any party…." FED. R. CIV. P. 26(b)(1). A court may

quash or modify a subpoena when the subpoena requires the disclosure of privileged or protected matter or subjects a party to undue burden. FED. R. CIV. P. 45(d)(3)(A).  A facially overbroad subpoena is unduly burdensome. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

Under Rule 45, Federal Rules of Civil Procedure, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).  Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden.  *Ward v. Liberty Insurance Corporation*, 2018 WL 991546 (W.D. Okla. 2018).

## C.  The Lab Defendants' Third Party Subpoena Subjects Newman to Undue Burden.

Under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the court shall quash or modify a subpoena issued to a third party if it subjects a person to undue burden.

Courts have found that a subpoena for documents directed to a non-party is facially overbroad where the subpoena's document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; "[t]he requests are not particularized"; and "[t]he period covered by the requests is unlimited." *In re O'Hare,* 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *accord Turnbow v. Life Ptrs., Inc.,* 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013).

3

Based on those criteria, the Subpoena here is facially overbroad.  To illustrate, the sixth request in the Subpoena seeks "[a]ll documents which are or which relate to or concern any agreement you [Newman] have ever entered into with AETNA . . ." *See* Subpoena, <u>Exhibit 1</u>.  Because the request seeks all documents "which relate to or concern any agreement" that Newman has "ever entered into with AETNA," it seemingly is not limited to the scope of the underlying litigation.  Moreover, the request does not contain a time limitation.  Although the request references two other requests under the Subpoena, the information sought is not limited in any material way by such reference, but instead is an open-ended request that seeks documents that relate to any agreement "ever entered into with AETNA."  As a consequence, the Subpoena is facially overbroad and should be quashed in its entirety.

Even if the Subpoena is not facially overbroad, it imposes an undue burden on Newman.  "Whether a subpoena imposes an undue burden upon a [non-party] is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at *17 (D. Kan. Mar. 24, 2017) (internal quotation omitted).  "Non-parties responding to a Rule 45 subpoena are generally offered heightened protection from discovery abuse." *Id*.  "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *American Elec. Power Co. v. United States*, 191 F.R.D. 132,

136 (S.D. Ohio 1999) (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993)); *See also Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Serv.,* 211 F.R.D. 658, 662 (D. Kan. 2003) ("the status of a person as a non-party is a factor that weighs against disclosure").

The *first undue burden factor*, relevance of the information requested, weighs in favor of finding an undue burden. When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of FED. R. CIV. P. 26(b)(1). *See generally Ward*, 2018 WL 991546 (W.D. Okla. 2018). In this matter, the overbreadth of the Subpoena, which seeks information about "all documents" and "all communications" – regardless of time frame and regardless of any other kind of meaningful limitation – surely cannot be relevant. Similarly, "all minutes" of Newman's board of director meetings from January 2016 to January 2018, should not be considered as relevant. Newman is <u>not a party</u> to the underlying action; the pleadings in the case seem to indicate that Aetna is suing to recover monies paid to the Lab Defendants and others for improper laboratory billing practices. All documents, communications, and minutes of Newman seem extremely general, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. However, even if some materials sought by the Subpoena are relevant, this alone may not overcome a determination that the request imposes an undue burden and expense. *See Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 124 (E.D. Mich. 1977).

The *second undue burden factor*, the need of the party for the documents, also breaks in favor of finding an undue burden. The necessity for production of documents is reduced sharply when an available alternative for obtaining the desired evidence has not been explored. *See Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318, 328 (D.D.C. 1966). In this case, many of the documents sought under the Subpoena should be available from either the Lab Defendants themselves or another party to the case, namely Aetna. Take for example the Lab Defendants' first request under the Subpoena: "[a]ll communications between YOU [Newman] and AETNA from September 15, 2016, to the present . . ." *See* Subpoena at <u>Exhibit 1</u>. Said communications may be garnered from Aetna, a party to the underlying case.

The *third undue burden factor*, the breadth of the document requests, weighs heavily in favor of finding an undue burden. In the fourth request alone, the Subpoena seeks "all communications" relating to seven purported former employees of Newman. Seven purported former employees multiplied by any and all communications not limited in scope or time for each will likely result in a large number of responsive documents. Likewise, the other requests are just as voluminous.

The *fourth undue burden factor*, the time period covered by requests, similarly weighs heavily in favor of an undue burden. The second, third, fourth, fifth, and sixth requests fail to provide any time period limitation whatsoever, and the first request seeks information over about a three (3) year time frame.

The *fifth undue burden factor*, the particularity with which the party described the requested documents, slightly weighs in favor of finding an undue burden. Newman

acknowledges that the requests provide a list of specific purported former employees about which information is sought for a number of the requests.  However, the information relating to each purported former employee such as "all documents" is not particularized. Moreover, the other requests are not particular as to the claims and defenses of the underlying case, but rather are general in nature.

The *sixth undue burden factor*, the burden imposed, tilts <u>heavily</u> in favor of finding an undue burden, especially since Newman is a non-party.  Newman is a small community hospital located in rural Oklahoma.  Newman does not have the financial resources nor the staffing to conduct an extensive search through its records to provide the information sought through the Subpoena.  The expense and inconvenience to Newman would be substantial.  Moreover, Newman has been in financial distress for some time and has also been on the brink of bankruptcy over the past few years.[1]

Finally, some of the information sought by the Subpoena is believed to be contained in a non-searchable format.  In an effort to comply with the Subpoena, Newman contacted Eide Bailly, LLP, who had previously collected and preserved a large amount of data for Newman from the years of 2016 through 2018.  Eide Bailly informed Newman that for a thorough responsive search the expense could be equal to or in excess of $100,000.00.  If necessary, Newman can request an affidavit supporting the same.  Accordingly, Newman

---

[1] *See* Second Amended Petition in the District Court of Ellis County, State of Oklahoma, case number CJ-2017-14, attached here to as <u>Exhibit 2</u> (discussing the financial distress of Newman).

itself and its counsel would be forced to spend a considerable amount of personnel time manually searching for the records requested.

In summary, the information requested by the Subpoena imposes an undue burden on Newman.  The collective factors weigh in favor of an undue burden.  Therefore, the Subpoena issued by the Lab Defendants to non-party Newman should be quashed in its entirety.

**D.    The Documents Sought are Irrelevant to the Underlying Case and May be Obtained from a Party to the Case.**

Non-parties have standing to raise relevancy objections to subpoenas. *See American Electrical Power Co., Inc*. v. U.S., 191 F.R.D. 132, 136 (S.D. Ohio 1999).  Demonstrating relevance is the burden of the party seeking discovery. *Id*. Under Rule 26(b)(1), the scope of discovery is limited to:

> any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (emphasis added).  Subpoenas are subject to the same limitations as discovery in the case generally with respect to relevance. *Goodyear* at 662 (D. Kan. 2003).

The categories of documents sought by the Lab Defendants go beyond the pale of what is permissible discovery.  The Lab Defendants cannot possibly demonstrate how all

communications with Newman's purported former employees are relevant nor how all board meeting minutes of Newman are relevant.  In the same way, all documents that concern or relate to any agreement ever entered into by Newman with Aetna cannot be relevant to the underlying case.  The categories of documents sought would likely result in thousands of pages of documents – none of which would remotely relate to the laboratory billing dispute between Aetna and the Lab Defendants.

It is evident that the Lab Defendants are engaging in a fishing expedition in hopes that something may be found to shore up their defenses or push Newman under the bus. The problem is, "a party may not use discovery as a fishing expedition." *Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) (citing *Anthony v. U.S*., 667 F.2d 870, 880 (10th Cir. 1981)).  The documents that Newman possesses that are relevant to the underlying case may be obtained from a party to the case – Aetna, the Lab Defendants themselves, or other co-defendants.

**E.     In the alternative, the Court should stay any response to the Lab Defendants' Subpoena until the Lab Defendants "show cause" as to the necessity and relevance of Lab Defendants' document requests and enter a protective order.**

In the event this Court does not grant Newman's Motion to Quash in its entirety, Newman requests that this Court limit the Subpoena to those documents that Plaintiffs can *clearly substantiate* as relevant and not otherwise obtainable.  Furthermore, Newman requests a protective order be entered as some of the documents will relate to and contain protected health information.

Under Rule 26(b)(2), this Court may limit discovery based upon a number of factors including (1) the discovery sought is unreasonably cumulative or duplicative, or (2) obtains

from other source that is more convenient, less burdensome, and less expensive.  In addition, when a non-party is the target of discovery, restrictions on discovery may be broader in order to protect that party from unnecessary harassment, inconvenience, expense or disclosure of confidential information. *See, e.g., Dart Industries Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir. 1980).

The material sought by the Subpoena at bar is or is derived from protected health information, which is highly confidential.  Furthermore, this Court should require the Lab Defendants to "show cause" that the information sought is not readily available from Aetna, co-defendants, or other persons who may more easily obtain such information for the Lab Defendants.  To the extent the Lab Defendants meet this burden, Newman requests that the Lab Defendants compensate Newman as well as necessary professionals retained by Newman to produce the records sought under the Subpoena.  Therefore, Newman requests a stay to respond to the Subpoena until and unless the Lab Defendants show cause to this Court that the information requested is relevant and not otherwise obtainable.

Lastly, some of the information sought by the Subpoena is highly confidential protected patient information under the Health Insurance Portability and Accountability Act ("HIPAA") or derived therefrom.  Thus, to the extent this Court finds that Newman must produce records under the Subpoena, Newman requests a HIPAA-compliant protective order be entered herein.

## III.  CONCLUSION

WHEREFORE, non-party, Newman Memorial Hospital, Inc., requests that this Court grant this Motion and quash the Subpoena at issue or, in the alternative, modify and

stay Newman's response to the Subpoena until and unless Plaintiffs show cause to this Court that the information requested is relevant and not otherwise obtainable.  To the extent this Court finds that Newman must produce records under the Subpoena, Newman requests an Order from this Court directing the Lab Defendants to compensate Newman for all costs and expenses incurred in production of the records and that this Court enter a HIPAA-complaint protective order.

Respectfully submitted,

/s/ *Brock Z. Pittman*
J. Clay Christensen (OBA #11789)
T.P. Howell (OBA #10347)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
CHRISTENSEN LAW GROUP, P.L.L.C.
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma  73116
Telephone:  (405) 232-2020
Facsimile:   (405) 228-1113
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
jon@christensenlawgroup.com
brock@christensenlawgroup.com

*Attorneys Newman Memorial Hospital*

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 37 and LCvR37.1, counsel for Newman Memorial Hospital Inc. conferred with Bridget A. Zerner, counsel for the Lab Defendants, regarding the relief requested herein prior to the filing of this Motion by telephone because an in-person meeting was infeasible given the distance between counsel's respective offices.  No resolution has been reached at the time of this filing, but the parties are continuing to confer regarding the same.

/s/ *Brock Z. Pittman*
J. Clay Christensen / Brock Z. Pittman

## CERTIFICATE OF SERVICE

This shall certify that on this 22nd day of August, 2019, a true and correct copy of the above and foregoing was sent electronically to the Clerk of the Court using the CM/ECF System and transmittal of a Notice of Electronic Filing to the following counsel registered for ECF in this case.

/s/ *Brock Z. Pittman*
J. Clay Christensen / Brock Z. Pittman

12